National Guard technician; civilian disability retirement; Reserve Officers longevity retirement; sick leave; administrative error. — On September 10, 1976 the court entered the following order:
Before CoweN, Chief Judge, Davis and BeNNett, Judges.
“This case comes before this panel of the court on defendant’s motion for summary judgment and has been considered without oral argument, the active judges of the court having denied the plaintiff’s suggestion that he be accorded an initial hearing en banc.
“Plaintiff’s petition, affidavits, and documentation show the following: He was a National Guard Technician with the California Army National Guard, serving as State Aviation Officer; his military grade in the Army was colonel. As State Aviation Officer he was required to maintain qualifications *300 as a pilot; in 1971 be lost bis flying status for medical reasons. Thereupon, since be could no longer remain as State Aviation Officer, be applied for and received disability retirement from bis civilian position as a National Guard Technician. A short while later be applied for and received longevity retirement from the California National Guard under the 30-year-service provision of the Reserve Officers Personnel Act, 10U.S.C. 3851(a).
“His difficulty centers on the sick leave appurtenant to his civilian position. At the time of his civilian disability retirement he was told by the Technician Personnel Officer of the California National Guard that he could utilize all unused sick leave before his civilian retirement became effective; this advice accorded with the Manual prepared by the California National Guard. However, the policy of the national office of the National Guard was that, in the case of a disability retirement, sick leave could only be used (if not previously exhausted) until final adjudication of the claim for disability retirement. This occurred in plaintiff’s case on August 25, 1971, but he was nevertheless allowed to remain for some time on sick leave, i.e. until December 18,1971, when his disability retirement was made fully effective. This did not exhaust his sick leave.
“A complicating factor was that his military retirement for longevity occurred earlier on September 4, 1971. This automatically made him ineligible for further employment as a civilian technician under 32 U.S.C. § 709(e) (1) which provided that he be ‘promptly separated’ from his technician employment once he was separated from his military position in the National Guard. An effort was made by the California National Guard to have the central office of the National Guard allow plaintiff to use all his sick leave before his civilian retirement became effective but this was refused by the central office on the basis of the policy and statutes just described. After this correspondence plaintiff was finally retired from his civilian job for disability on December 18, 1971. By that date he had used up a part of his sick leave but some 859 hours remained. He was given credit for his amount in the computation of his annuity *301 but was not paid for the leave. He now sues for that amount of unpaid sick leave, amounting to some $11,000.
“Plaintiff has no legal rights which we can vindicate. The statutes plainly require that technicians be members of the National Guard and call for ‘prompt separation’ of a technician who is separated from the National Guard. A National Guard regulation requires that such separations be within SO days. Plaintiff retired in his military capacity from the Guard on September 4, 1971 and therefore could not remain as a civilian technician beyond October 3rd. (Pie actually stayed until December 18,1971, and can therefore be said to be 'liable for his civilian pay between October 4th and December 18th, but the Comptroller General has officially waived recovery of that indebtedness.) It is, of course, settled that civilian employees of the Federal Government are not entitled to receive cash payments on retirement for unused sick leave (see Burich v. United States, 177 Ct. Cl. 139, 150, 366 F. 2d 984, 990-91 (1966), cert. denied, 389 U.S. 885 (1967)). They can have their unused sick leave used in calculating their annuities — but plaintiff has received that right.
“Defendant is not estopped by the erroneous advice given plaintiff by the California National Guard, advice which was, as pointed out above, directly contrary in the present circumstances to the governing legislation and regulations. Montilla v. United States, 198 Ct. Cl. 48, 457 F.2d 978 (1972); Putnam Mills Corp. v. United States, 202 Ct. Cl. 1, 9, 479 F.2d 1334, 1338 (1973); Scharaga v. United States, 209 Ct. Cl. 728 (1976); Haight v. United States, 209 Ct. Cl. 698, cert. denied, 429 U.S. 841 (1976).
“For these reasons, we must grant defendant’s motion for summary judgment and dismiss the petition.
“There is, however, an equitable consideration which may possibly open the door for plaintiff to receive some relief through the Army Correction Board. When the California National Guard wrote the National Guard Bureau in Washington (before plaintiff’s civilian retirement but after his military retirement) inquiring about the possibility of his receiving his full accumulation of sick leave, the answer from the national bureau came back in a letter covering one page *302 and a quarter of another page. On the first page the letter pointed out that plaintiff could not legally remain a civilian employee (or be paid his sick leave) for more than 30 days after his military retirement on September 4th. On the second page, however, the letter pointed out that ‘if his assignment to the [military] retired reserve can be deferred and his National Guard membership continued he can be retained in a technician employee status and be given the advantage’ of being kept in his civilian job until he had used up all his sick leave. This possibility of the extension of the military service of a National Guard technician (until age 60) was expressly authorized by 10 U.S.C. § 3851 (c).
“The point about this letter is that plaintiff asserts, and backs up his assertion by affidavits, that the second page (containing this alternative way of allowing plaintiff to get the full advantage of his sick leave) was deliberately not shown by the California National Guard to plaintiff until after his civilian retirement had become effective in December 1971. Plaintiff says that, not being alerted to the military extension possibility, he made no effort before his civilian retirement to have his military retirement deferred or revoked (it had already taken place by the time the National Guard Bureau letter was written and received).
“As already indicated, plaintiff now has no legal rights vindicable in this court. However, under its broad charter, the Army Correction Board can alter his military retirement date — if it thinks the circumstances, including the alleged deception described above, warrant — by pushing that date forward so that if plaintiff’s civilian employment were also extended it would cover all his sick leave. There is no comparable civilian correction board but the Federal Personnel Manual Supplement 990-2, Book 630, Subchapter S4, para. S. 4-2b(2), allows a civilian employee to be restored to a pay status after his separation for the purpose of granting sick leave if there has been an ‘administrative error or oversight in the processing of a separation action.’ If the Army Correction Board alters the date of plaintiff’s military retirement, that provision of the Personnel Manual could possibly become applicable. (It may well be that plaintiff’s annuity would have to be recalculated to exclude the accumu *303 lated sick leave.) In these circumstances plaintiff may wish to apply to the Correction Board for relief with respect to his military retirement. The disposition we make today is without prejudice to such a course.
“it is therefore ordered AND concluded that defendant’s motion for summary judgment is hereby granted and the petition is dismissed.”